UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN DALE HODGE,<br><br>Defendant. | Case No.: 10-cr-4679-L<br><br>**ORDER:**<br><br>**(1) CONSTRUING 28 U.S.C. 3582 MOTION AS MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. 2255;**<br><br>**(2) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. 2255, and**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY.** |

Petitioner, Ryan Dale Hodge ("Petitioner") has filed a Motion pursuant to 28 U.S.C. § 3582 to reduce the term of his sentence. Respondent filed a Response and Opposition to the Motion. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits. For the reasons set forth below, the Court

1

**CONSTRUES** Petitioner's motion as a Motion to Vacate, Set aside or Correct Sentence under 28 U.S.C. § 2255, and **DENIES** Petitioner's Motion without prejudice.

## I. FACTUAL BACKGROUND

The facts are not disputed by the parties. Petitioner was arrested for receiving and possessing child pornography during the time period between October 6, 2009, and July 9, 2010. A probable cause statement supported the arrest warrant and asserted that Petitioner connected to the internet and shared multiple child pornography files to others on a peer to peer file-sharing network. Petitioner admitted to receiving and possessing child pornography at the time of the search warrant, in addition to admitting that he obtained the videos and images using a file-sharing program.

## II. PROCEDURAL BACKGROUND

On October 22, 2010, a felony complaint was filed charging Petitioner with receiving and possessing child pornography in violation of 18 U.S.C. § 2252. Petitioner pled guilty to the charge on December 23, 2010, with conditions set forth in a plea agreement. On April 25, 2011, this Court sentenced Petitioner to 120 months custody followed by 8 years of supervised release.

On January 23, 2017, Petitioner filed a Motion to modify his sentence pursuant to 28 U.S.C. § 3582(c). The Government filed an Opposition on November 1, 2017.

## III. DISCUSSION

Petitioner argues that he is entitled to a sentence reduction under Amendment 801 which clarified that the child pornography distribution enhancement under § 2G2.2(b)(3), for which he received a 2 point increase, can only be applied if the defendant agreed to exchange child pornography with another individual for the specific purpose of obtaining something of valuable consideration, which he did not do. (*Id*.) Because Amendment 801 is a clarifying amendment, rather than a substantive amendment, Petitioner argues the Court must apply Amendment 801 retroactively to reduce his term of incarceration. (*Id*.) He also asserts that he is entitled to relief from sentencing disparities under the "Equal Protection of the Law." (*Id*. at 2.)

The Government counters that Petitioner's Motion should be construed as a petition under 28 U.S.C. §2255, and is time-barred because it was filed more than a year after the judgment became final. (Oppo. at 4). Should the Court disagree and consider the motion properly filed pursuant to section 3582, the Government contends that a section 3582(c) motion cannot be granted under Amendment 801 because it is not retroactively applicable. (*Id*. at 5.)

I. SECTION 3582 PETITION

As a preliminary matter, the Court finds that the proper jurisdictional basis for Petitioner's motion is 28 U.S.C. § 2255, not 18 U.S.C. § 3582.

Under § 3582, a district court's authority to modify a previously imposed sentence is limited to three situations: (1) where the Director of the Bureau of Prisons moves to reduce the term of imprisonment, (2) where the reduction is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and (3) where the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). "[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement, U.S.S.G. § 1B1.10, states that a defendant's sentence may be lowered if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below," but that no reduction is allowed if "[n]one of the amendments listed in subsection (d) is applicable to defendant, or [a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

Here, the Director of the Bureau of Prisons did not file the instant motion, and Rule 35 is inapplicable. Petitioner's sentencing range has not been lowered by the

Commission because Amendment 801 is not listed in §1B1.10(d), as required for a sentence to be reduced under section 3582. *See* 18 U.S.C. § 3582(c)(2); § 1B1.10. Whether Amendment 801 may be applied retroactively is moot in light of its absence in section 1B1.10(d).[1] Accordingly, Petitioner's claim is not cognizable under section 3582.

### B. SECTION 2255

The court which sentenced a defendant may "vacate, set aside or correct the sentence" of a federal prisoner if it determines that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Under § 2255, claims for relief must be based on a constitutional or jurisdictional error, "'a fundamental defect which inherently results in a complete miscarriage of justice,'" or a proceeding " 'inconsistent with the rudimentary demands of fair procedure.' " *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). A § 2255 motion may be denied without the court holding an evidentiary hearing if "the petitioner fails to allege facts which, if true, would entitle him to relief, or the petition, files and record of the case conclusively show that he is entitled to no relief." *United States v. Rodriguez-Vega*, 797 F.3d 781, 792 (9th Cir. 2015); see 28 U.S.C. § 2255(b). Under Section 2255, a one-year period of limitations applies to motions under this section, and shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[1] Petitioner's claim that he is entitled to a sentence reduction under the Equal Protection of the Law in light of his exceptional behavior while incarcerated is not cognizable under section 3582 because post-sentence conduct is only considered under 18 U.S.C. 3553(a) if a motion for reduction of sentence is before the court pursuant to section 3582, which is not the case here. *See generally* 28 U.S.C. §3582(c); *Pepper v. United States*, 562 U.S. 476 (2011),

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (2017).

Petitioner's assertion that Amendment 801 entitles him to a sentence reduction does not raise a claim of constitutional or jurisdictional error, therefore, his claim is not cognizable under section 2255 on this basis. *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995). Nor was it a miscarriage of justice for the Court to fail "to apply a rule that had not yet been articulated at the time of sentencing." *Hamilton*, 67 F.3d at 763-64). Although somewhat anemic in length, Petitioner does raise a claim that he is entitled to resentencing to avoid "a prejudicial disparity" under the Equal Protection of the law, citing *Pepper v. United States*, 562 U.S. 476, 492 (2011), and *Williams v. New York*, 337 U.S. 241, 246 (1949). (Mot. 2). Petitioner argues that the distribution enhancement has been unevenly applied in district courts, with some courts requiring that the government prove a defendant knowingly distributed pornographic materials prior to the court increasing the sentence, and some applying the enhancement without proof of distribution. (*Id*. 3).

Construing Petitioner's claim liberally, as the Court must do, Petitioner arguably raises a Constitutional claim that he is entitled to relief under the Equal Protection clause, however, the Court does not reach the merits of Petitioner's claim because his claims are time-barred under section 2255. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (Documents filed *pro se* are to be liberally construed). Judgment was entered by this Court in Petitioner's case on April 25, 2011. Petitioner filed his Motion on January 12, 2017, five years and a little more than 8 months later. Petitioner has not claimed that an impediment, which has since been removed, prevented his ability to file the motion. Nor has he claimed that there has been a newly recognized Constitutional right which applies

retroactively to his claims on collateral review. Similarly, he has not asserted that the facts underlying his claims were undiscoverable through due diligence or that the facts were unavailable to him at the time of sentencing. Because Petitioner has not asserted a recognized justification for his untimely filing of the current section 2255 petition, his claim is denied as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner does not have to show "that he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation omitted).

Having reviewed the matter, the Court finds that Petitioner has not made a substantial showing that he was denied a constitutional right and the Court is not persuaded that jurists could disagree with the Court's resolution of his claims or that the issues presented deserve encouragement to proceed further. Therefore, a certificate of appealability is **DENIED**

//
//
//
//
//
//
//
//

### V. CONCLUSION

For the foregoing reasons, Petitioner's section 3582 Motion is **CONSTRUED** as one brought pursuant to 28 U.S.C. § 2255, and is **DENIED** without prejudice. Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**

Dated: February 16, 2018

Hon. M. James Lorenz
United States District Judge